By the Court.—Sedgwick, J.
The composition, on which the defense relies, is contained in the additional resolution, varying and adding to the resolution *192 passed at a first meeting. If that additional resolution has validity under the bankruptcy act, the plaintiffs are bound by its terms. There had been a former resolution, duly recorded and filed. The additional resolution extended the time' named in the first resolution, for the payment of the composition- amounts, and by force of the act had reference to the statement of debts ordered by the court to be filed, and which was made by the debtor, at the meeting when the second resolution was passed. The statement of debts made for the purposes of the first resolution did not contain the names of the plaintiffs as creditors ; but at a general meeting of creditors, called for the purpose, and which was ■ the same meeting called to vary and add to the first resolution, the statement was corrected by inserting plaintiffs’ names. The additional resolution had reference to the corrected statement.
By section 17 of the bankruptcy act of June 22, 1874 (§ 5103, A), “ The provisions of a composition, accepted by such resolution, in pursuance of this section, shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed, but shall not afféct or prejudice the rights of any other creditors.” This section clearly' embraces a resolution made by varying or adding to a former resolution.
The statement was corrected by the addition of plaintiffs’ names, under that part of the same section which says, “ Any mistake made inadvertently by a debtor in the statement of his debts, may be corrected upon reasonable notice and with the consent of a general meeting of his creditors.”
The appellants contend that the bankruptcy court had no jurisdiction to order the additional resolution to be filed and recorded. The claim is that the juris *193 diction was dependent upon the existence of certain things in fact, and that the court could not gain jurisdiction by adjudging that the facts existed, or, in substance, that actual facts were conditions precedent of the rightful jurisdiction. These facts are, that to vary or add to a composition already made, the resolution must be passed by persons who are then creditors, the words of the section being: “ The creditors may by resolution .... add to or vary the provisions of any composition previously accepted by them that those who passed the additional resolution were not creditors, inasmuch as they had received the amounts under the first resolutions, and thenceforth ceased to be creditors. Also, that extending the time of payment of amounts already paid, did not add to or vary the provisions of the composition previously accepted by them, especially as the statement of debts, although corrected as to plaintiffs’ names, was not a part of the resolution. Also, that the provision “ that any mistake made inadvertently, by a debtor, in the statement of his debts, may be corrected,” does not and was not meant to refer to the omission of a name of a creditor.
The issue is to be determined by ascertaining what the bankruptcy act meant should be presented for adjudication, and its meaning is conclusive. When the terms and true construction show that the court is called upon to examine and decide a particular matter, the court then obtains jurisdiction as to all matters which are involved in the examination, and its decision cannot be re-examined collaterally.
In the proceedings in question, the first steps are taken by creditors and the debtor, and these steps do not, of themselves, involve any adjudication by the court. But a resolution having been passed, the act declares, by a provision that is applicable to both resolutions and additional resolutions : “ Such resolution, together with the statement of the debtor as to his *194 assets and debts, shall be presented to the court, and the court shall, upon notice to all the creditors of the debtor, of "not less than five days, and upon hearing, inquire whether such resolution has been passed in the manner directed by this section, and if satisfied that it has been so passed, it shall, subject to the provisions herein contained, and upon being satisfied that the same is for the best interest of all concerned, cause such resolution to be recorded, and statement of assets and debts to be filed, and until such record and filing shall have taken place, such resolution shall be of no validity.”
This language plainly calls upon the court to pass judicially upon the sufficiency of the preliminary steps, to give a right to have the resolution recorded and therefore made valid. The intent of the act is made more apparent by the consideration that the terms of the act, as to what is necessary to perfect the-composition, are to be construed in their relation to the policy of the whole act, and it must have been meant that the*-district court should have exclusive judicial power in this regard. If this be not so, the district court could be ousted of jurisdiction by any other court, that, upon its own interpretation, should decide that some of the terms now referred to did not have the meaning given to them by the district court.
I. therefore, am of opinion that the district court possessed jurisdiction to determine the validity, under the act, of the rei ipsm of the additional resolution, and also to determine that such resolution was to be applied to “ the statement of assets and debts” that the court ordered at the same time to be filed.
I do not see that the court assumed a jurisdiction not conferred, when it decided that the omission of the plaintiffs’ names from the first statement was ‘ ‘ a mistake made inadvertently by a debtor in the statement of his debts.” The argument is, that the act meant a *195 mistake of a different kind from an omission that resulted in the persons omitted not being bound by the composition. A conclusive answer to this is, that if the position is supposed to be correct, nevertheless, it only shows that an error was made—not. that the court was -without jurisdiction. But to my mind it is not sound, because the provision as to who shall be bound is intended to become operative after the court has exerted its due powers as to an additional statement and resolution. If the omission were a mistake, and has been corrected, then the provision as to who shall be bound does not operate in plaintiffs’ favor.
The general result is, that the court in bankruptcy competently passed upon the matters which the learned counsel for the appellant has maintained could be examined collaterally in this action.
I have not, as yet, intended to embrace the claim that the plaintiffs did not have the notice, which the bankruptcy act provided for them, and therefore that they are not bound by the composition. This may be settled, however, by adverting to the proposition already discussed. Not keeping out of sight that, so far as the first resolution was concerned, the plaintiffs were not bound, it is the fact that they had due notice of the proceedings which ended in the additional resolution, and were therefore bound by the competent action of the court in respect thereto. Their relation to the controversy was the same as it would be if a debtor were allowed to bring an action to establish the validity of a composition agreement against the plaintiffs as creditors, and they, being served with process to answer as defendants, were bound by the result of the litigation, whether they defended or refused to defend. The process having been served, the court could competently require of them, that, before opposing, or as part of their defense, they should make due proof, according to the practice of the court, of their being creditors in *196 fact. Having received due notice, their omission to prove their debt, as ordered by the register, was voluntary on their part, but had no reference to the question of jurisdiction.
I am further of opinion, that the second promissory note, that fell due after the first resolution, but before the meeting for the additional resolution, was bound by the composition. On the literal meaning of the act, and in respect of the assets of the bankru2>t that would go to an assignee, it fell due before any dividend. As to the composition proceeding, it fell due before the opportunity had passed for the plaintiffs receiving an amount in composition, in proceedings that were competently held to be valid. From what has been said, it follows that the plaintiffs are bound by the specification of the amount of indebtedness due to them, as made in the statement presented by the debtor. The plaintiffs had an opportunity to have the amount increased by the small sum which makes the difference, and voluntarily omitted to object. This brings them within the spirit and letter of the provision, that the composition shall be binding on all the creditors whose names and addresses, and the amounts of the debts due to whom, are shown in the statement of the debtor, produced at the meeting at which the resolution shall have been passed.
Judgment affirmed, with costs.
Van Vorst, J., concurred.